**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHIPENG ZHENG,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　Respondent. | No. 13-72133<br><br>Agency No. A089-976-611<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:　　CANBY, GOULD, and N.R. SMITH, Circuit Judges.

　　Zhipeng Zheng, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on Zheng's shifting testimony regarding visas he held to other countries, his failure to corroborate his ongoing religious practice in the United States, and based on the agency's demeanor finding. *See id.* at 1048 (adverse credibility determination reasonable under the totality of the circumstances); *see also Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (giving special deference to findings based on demeanor). Zheng's explanations regarding the visas and the availability of corroboration do not compel a contrary conclusion, *see Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011); *see also Shrestha*, 590 F.3d at 1047-48. We reject any contention Zheng makes that he was not afforded an opportunity to explain discrepancies in his testimony. In the absence of credible testimony, Zheng's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Zheng's CAT claim fails because it is based on the same testimony the agency found not credible, and Zheng does not point to any other evidence in

the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in China. *See id*. at 1156-57.

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**